UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | No. 4:20-CV-1737-JMB |
| ) | |
| ERDCC, et al.,    ) | |
| ) | |
| Defendants.    ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented plaintiff Joseph Michael Devon Engel, an incarcerated person at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), to proceed in the district court without prepaying fees or costs. The Court will grant the application and, for the reasons stated below, will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not submit an inmate trust account statement along with the instant motion, as required. He states however that he receives $5.00 per month at ERDCC. As a result, the Court will assess an initial partial filing fee of $1.00, which is 20 percent of his average monthly deposit. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess a "reasonable" amount).

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

2

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*

## The Complaint

Plaintiff's complaint is one of nearly 100 civil rights complaints he has recently filed in this Court pursuant to 42 U.S.C. § 1983. Plaintiff prepared his complaint this Court's form Prisoner Civil Rights Complaint, naming ERDCC and the Missouri Department of Corrections ("MODOC") as defendants.

Plaintiff's allegations are stated in full as follows:

> On 11-22-20 I am a [sovereign] citizen here I sit in a Quarantine Wing when I don't have Corona or nothing with my health as bad as it is and other older people with bad health it makes no [sense]. Risking everyone's life including custody it's wrong how they do this for everyone and they don't answer no distress button don't help no one and don't care. They don't clean cells good whatsoever it's inhumane.

(ECF No. 2 at 3).

Attached to his complaint is a handwritten note, also dated November 22, 2020, stating in full:

> This is in regards to me not getting no medical treatment and them keeping me in the [hole] not allowed to use the phone or use my tablet they said my paperwork is not through yet. I should not be in the hole. I can't see a doctor or a nurse nothing. I need some more 1983 Civil Rights [Complaint] Forms. A copy of Civil Liberty Rights. Copy of the Amendments. Can I please get a detailed list of all cases in US District Courts and ones settling please and what's going on with [habeas] corpus. Please help me with all this stuff.

(ECF No. 2-1).

3

Plaintiff identifies his injuries as "mental health, physical, freedom, hygiene, [sovereign] citizenship." (ECF No. 2 at 4). For relief, plaintiff seeks $150 trillion and $2 million of stocks in "USA, Russia, China, Japan, Germany, Canada, Mexico, Cuba, coffee, Starbucks, gold, silver, coal, lead, diamonds, precious metals, platinum, beef, pork, chicken, vegs, corn, wheat, beans, and fruit." (*Id.* at 1, 5)

## Discussion

### A.    Defendants ERDCC and MODOC

Plaintiff's complaint is legally frivolous because the defendant entities cannot be sued under § 1983 for two reasons:  (1) ERDCC and MODOC are not "persons" for purposes of 42 U.S.C. § 1983, and (2) plaintiff's claim against ERDCC and MODOC are barred by the Eleventh Amendment.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, or another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff sues MODOC, a department of the State of Missouri, and ERDCC, a prison within the Department of Corrections, for money damages. Because ERDCC and MODOC are not "persons" for purposes of such a claim, plaintiff is missing an essential element of § 1983. Therefore, these claims must be dismissed.

Additionally, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Although there are exceptions to Eleventh Amendment immunity where Congress has statutorily abrogated such immunity or when a state waives its immunity by express language, no

such exception is applicable here. *See, e.g.*, *Barnes v. State of Mo.*, 960 F.2d 63, 64 (8th Cir. 1992) (discussing exceptions to Eleventh Amendment immunity). For this reason as well, plaintiff's claims against ERDCC and MODOC will be dismissed.

### B. Plaintiff's Medical Allegations

To the extent plaintiff is seeking relief for deliberate indifference to a serious medical need, these claims will also be dismissed. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To establish constitutionally inadequate medical care, a plaintiff must show that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Plaintiff has not established he suffers from an objectively serious medical need or that any prison or medical official actually knew of and deliberately disregarded such need. In the body of his complaint, plaintiff complains of being placed in the quarantine wing with other prisoners. He does not allege either he or any other prisoner is sick or has any objectively serious medical need. At most, he states generally that he and other prisoners are in "bad health." In his handwritten attachment to the complaint, however, plaintiff states that he has been placed in solitary confinement and "I can't see a doctor or a nurse nothing." Although being isolated from other prisoners would solve his problem of quarantining with other prisoners, plaintiff has still not alleged he suffers any serious medical need. He has provided no facts to establish he has a serious

5

medical need, sought treatment for that medical need, and was intentionally denied medical treatment. Nor has he named as a defendant any prison or medical personnel who have denied him any such medical care and treatment. Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Finally, this action is subject to dismissal because it is malicious. Since filing this action, plaintiff has submitted to this Court an astonishing number of complaints seeking to bring civil rights actions against these defendants and others. Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and plaintiff's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *see also Tyler*, 839 F.2d 1290 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well. As this Court has previously warned plaintiff, if he does not stop his practice of repeatedly filing meritless lawsuits, the Court will enter an order sanctioning him.

Having considered the instant complaint and plaintiff's history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

6

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED as moot**.

A separate order of dismissal will be entered herewith.

Dated this 8th day of January, 2021.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE